Filed 8/10/21  P. v. DiDomizio CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C092272 |
| Plaintiff and Respondent, | (Super. Ct. No. F19-000005) |
| v. | |
| WILLIAM LOUIS DiDOMIZIO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Louis DiDomizio asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## BACKGROUND

Defendant was charged with failure to register as a sex offender between September 15, 2018, and January 15, 2019 (Pen. Code, § 290.018, subd. (b), count I),[1] and misdemeanor animal cruelty (§ 597, subd. (a), count II).[2]  At the preliminary hearing, the prosecutor offered into evidence sex offender registration forms defendant executed in November 2017 and November 2018 as well as a certified copy of the California Law Enforcement Telecommunications System (CLETS) print out of his address registration from the California Sex and Arson Registry (CSAR), and defendant's certified rap sheet. After taking testimony from several witnesses, defendant was held to answer on both counts.

On September 25, 2019, defendant pleaded guilty to the failure to register offense (§ 290.018, subd. (b)) with the understanding that he would not receive probation without an unusual case finding.  The parties stipulated to the following factual basis for the plea as recounted by the prosecutor at the change of plea hearing:  that on or between September 15, 2018, and January 15, 2019, defendant had a prior conviction for violating section 288, subdivision (c)(1) in 1999 in Sacramento County, which required him to register under section 290, at least annually, with a law enforcement agency, and that during this time period defendant failed to update his registration with a new address in violation of section 290.018, subdivision (b).[3]

Defendant waived a jury trial on count II in favor of a court trial.

---

[1]  Further undesignated statutory references are to the Penal Code.

[2]  Prior to trial, the trial court granted the prosecutor's motion to amend count II to allege a violation of section 597, subdivision (b).

[3]  Defendant's plea agreement states that the trial court could also consider the probation report as a factual basis for his plea.

At trial, Gene Rouse testified that in September 2018 he and defendant were roommates. At the time, defendant had a dog named Baby Girl.

In November 2018, Rouse went to the sheriff's department to report that he saw defendant use a sex toy on the dog. According to Rouse, around 2:30 or 3:00 a.m. one night in late September, he opened the door to defendant's bedroom to retrieve a pair of rubber gloves for trimming marijuana and saw defendant lying on his bed in his underwear with the dog next to him on her back with her legs in the air. Defendant was holding a small glass "dildo" that he testified he saw defendant pull out of the dog. When questioned further, he said he did not see the sex toy physically inside the dog because defendant's hand was in the way, but that it was right next to the dog's vagina. Defendant had a clear liquid or lubricant all over his hand, and it appeared that the same lubricant was on the dog. Rouse shut the door, and the two did not speak of the incident.

An animal control officer impounded and transported the dog to a veterinary hospital for an examination. The dog had some visual hair loss and inflammation on her rear end and near her tail.

Dr. Cameron Thompson examined defendant's dog and found that her anus and vagina were normal, but that she exhibited lichenification and hair loss around her anal sphincter and had papules in that area. He concluded that there was no evidence of sexual abuse, as the papules and hair loss could have been caused by excessive licking or allergies. Dr. Thompson reexamined the dog four months later, in March 2019, and observed that her rear end was no longer irritated, and he surmised that whatever factor had caused the irritation was now absent.

The woman fostering defendant's dog during the criminal proceedings testified that when she started fostering the dog, she noticed a bald spot at the base of her tail. The area had since healed, and she noticed no further skin irritations.

Defendant called Dr. Tom Strolle who had been his dog veterinarian for over five years. He had diagnosed defendant's dog with seasonal recurrent skin allergies after

3

observing the cyclical nature of her irritations, and had prescribed her medicine for the condition. Dr. Strolle testified that he was more than 95 percent sure that the dog's skin condition was allergic and not the result of sexual abuse.

Defendant also called Rouse's son to testify. He testified that he had heard his father's version of events, but he had not come to a conclusion of whether he could believe his father's story.

Following the presentation of evidence, the court acquitted defendant of the animal cruelty offense.

After trial, defendant sought sentencing relief under section 1170.9 due to his veteran status. The court denied his request for probation, finding his veteran status did not make him eligible because there was no nexus between his service-related disability and his failure to register. The court sentenced him to the lower term of one year four months in state prison on the failure to register offense, awarded defendant one day of credit, and imposed various fees and fines. Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief consisting of an unsworn declaration by the property owner and a list of nine statements related to the animal cruelty charge, the failure to register offense, and other miscellaneous issues. He does not support these statements with any reasoned analysis or authority, nor does he cite to the record.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent,

4

and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court of Los Angeles* (1970) 2 Cal.3d 557, 564.)

"It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)  "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  [Citations.]  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'  [Citations.]  Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 (*S.C.*).)

The appellant must also "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).)  "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*).)  As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment.  (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

With respect to the animal cruelty charge, defendant states that his lawyer did not aggressively defend him when the alleged eyewitness (his roommate, Rouse) recanted his statement of animal abuse and the veterinarian found nothing wrong with his dog, that the person fostering his dog stood outside the courthouse on three occasions during trial holding signs alleging animal cruelty, and that Rouse represented that an argument between them occurred in September 2019 whereas his landlord wrote a letter stating that the argument occurred in late October.

Defendant does not support these statements with any citation to the record or to any relevant authority.  We deem any arguments forfeited.  (*S.C., supra*, 138 Cal.App.4th

at p. 408; *Duarte, supra*, 72 Cal.App.4th at p. 856.) To the extent defendant implies his attorney was ineffective for failing to vigorously represent him on the animal cruelty charge, the court acquitted him of that charge at trial. Therefore, defendant cannot show prejudice. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 [to establish ineffective assistance of counsel a defendant must show by a preponderance of the evidence that his counsel's representation fell below the standard of a competent advocate and a reasonable probability exists that, but for counsel's errors, the result would have been different]; *Strickland v. Washington* (1984) 466 U.S. 668, 697 [80 L.Ed.2d 674] [if easier to dispose of an ineffectiveness claim on the ground of lack of prejudice, that course should be followed].)

Regarding the failure to register offense, defendant contends he was never able to defend himself against the charge, that his attorney had him plead guilty to the registration charge many months after the preliminary hearing, and that the paralegal for his attorney tried to convince him of his guilt on the registration charge without asking any information about the case. Defendant again does not support his statements with any authority, or reasoned analysis, or citations to the record. Again, any arguments are forfeited. (*S.C., supra*, 138 Cal.App.4th at p. 408; *Duarte, supra*, 72 Cal.App.4th at p. 856.)

Finally, defendant states someone found a gun in Rouse's room after he moved out, that his attorney agreed to represent him in exchange for $1,000 monthly payments, and that the district attorney was absent for three months before showing up to defendant's arraignment. Defendant does not develop these arguments, cite to any relevant authority, or provide citations to the record. Defendant has forfeited these arguments. (*S.C., supra*, 138 Cal.App.4th at p. 408; *Duarte, supra*, 72 Cal.App.4th at p. 856.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

6

## DISPOSITION

The judgment is affirmed.

                                          /s/
                                          HOCH, J.

We concur:

 /s/
MURRAY, Acting P. J.

 /s/
KRAUSE, J.